**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| **AMBER PETERSON,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 4:07CV387-DJS |
| ) | |
| **CONCENTRA, INC. and DANA HOULE,** ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Plaintiff Amber Peterson brought suit in state court against defendant Concentra, Inc. and defendant Dana Houle, a Concentra supervisor. In summary, plaintiff alleges that she was interviewed and hired by defendant Houle for a Utilization Nurse position with defendant Concentra, and that, after reporting for her first day of work, plaintiff's employment was terminated upon Houle's learning that plaintiff was pregnant with twins, a condition Houle described as unsuitable for the position. Count I of the original petition[1] asserts a claim of sex discrimination by defendant Concentra in violation of the Missouri Human Rights Act ("MHRA"), §213.010 R.S.Mo. *et seq.* Count II asserts an MHRA sex discrimination claim against defendant Houle. Count III is a claim against Houle of tortious interference with business expectancy.

---

[1] Peterson has since filed a first amended petition. The propriety of removal must be judged on the basis of the pleadings at the time of removal.

Concentra removed the action to federal court on the basis of diversity jurisdiction pursuant to 28 U.S.C. §1332, contending that defendant Houle was fraudulently joined as a defendant in an attempt to defeat diversity. Plaintiff has filed a motion to remand the action to state court.

In considering the fraudulent joinder issue presented, the Court applies the following governing principles:

> [I]t is well-settled that the district court will not allow removal jurisdiction to be defeated by the plaintiff's destruction of complete diversity of citizenship by the collusive or improper joinder of parties or the assignment of claims. This fraudulent-joinder doctrine tries to strike a reasonable balance among not rewarding abusive pleading by the plaintiff, the plaintiff's tactical prerogative to select the forum, and the defendant's statutory right to remove. Thus, the plaintiff's intent that the joinder of a particular party or an assignment should defeat federal subject matter jurisdiction is immaterial to the propriety of the removal, so long as the use of one of those devices is not merely colorable or made in bad faith. According to the numerous decided cases on the subject, a party will be considered fraudulently joined--and removal will be permitted--when the plaintiff has not or cannot state a claim for relief against that individual or entity under the applicable substantive law or does not intend to secure a judgment against that particular defendant...[T]he decided cases make it clear that in general there need be only a possibility that a right to relief exists under the governing law to avoid a finding of fraudulent joinder by the court[.]

Wright, Miller & Cooper, 14B <u>Federal Practice & Procedure: Jurisdiction 3d</u>, §3723, pp.625-638 (1998). The Eighth Circuit has also enunciated the applicable standard:

> Where applicable state precedent precludes the existence of a cause of action against a defendant, joinder is fraudulent. "[I]t is well established that if it is

2

> *clear* under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained." Iowa Public Service Co. v. Medicine Bow Coal Co., 556 F.2d 400, 406 (8th Cir. 1977) (emphasis added). However, if there is a 'colorable' cause of action – that is, if the state law *might* impose liability on the resident defendant under the facts alleged – then there is no fraudulent joinder.

Filla v. Norfolk Southern Railway Company, 336 F.3d 806, 810 (8th Cir. 2003).

Concentra contends that there is no chance of recovery against Houle under the MHRA because plaintiff failed to exhaust her administrative remedies as against Houle, and because the MHRA claims are untimely under the applicable two-year statute of limitations. As for the tortious interference claim, defendant argues that there exists no actionable business expectancy in plaintiff's "at will" employment, and that Houle, as Concentra's agent, is not a third-party to the contract. In her motion to remand the case, plaintiff addresses only the first of these four arguments, contending that the other three are not properly considered in the remand context. Plaintiff argues that she is not required to have named Houle in her administrative charge in order to pursue an MHRA claim against her, citing Hill v. Ford Motor Co., 324 F.Supp.2d 1028 (E.D.Mo. 2004).

In Hill, defendants removed an MHRA claim to federal court, contending that individual defendants were fraudulently joined. As here, the defendants argued that individual liability

could not attach because the plaintiff did not exhaust her administrative remedies against the individuals. The Court held that "[t]he fact that [plaintiff] did not specifically name them is not fatal to a prospective MHRA claim as defendant contends." Id. at 1034. Judge Limbaugh further stated:

> It is not for this Court to decide, in connection with a motion to remand, whether either one of the unnamed individual defendants had actual notice of the administrative charge and an opportunity to participate in the MHRC proceedings. This is a question better suited for review by a Missouri court in connection with a summary judgment motion and a complete evidentiary record.

Id. He remanded the action, noting that "[a]ny doubts regarding the validity of removal jurisdiction should be resolved in favor of state court jurisdiction and remand." Id. at 1036. This Court will resolve the same issue presented in this case in the same way as did Judge Limbaugh in Hill.

To the extent that defendants argue that the MHRA statute of limitations is a second reason for a determination that defendant Houle is fraudulently joined, the argument fails because it constitutes an affirmative defense to the MHRA claims against both Concentra and Houle, and not a proper basis for a finding of fraudulent joinder on the face of plaintiff's pleading. Because the Court cannot find that defendant Houle is fraudulently joined on Count II of plaintiff's petition, the action will be remanded. No consideration of the tortious interference claim in Count III,

or defendant's arguments concerning it, need be or will be undertaken.

For the foregoing reasons,

**IT IS HEREBY ORDERED** that plaintiff's motion to remand [Doc. #7] is granted.

**IT IS FURTHER ORDERED** that this action is remanded to the Circuit Court of the City of St. Louis.

**IT IS FURTHER ORDERED** that defendants' motion to dismiss plaintiff's petition [Doc. #5] is denied without prejudice as moot in light of the filing of plaintiff's first amended petition/complaint.

**IT IS FURTHER ORDERED** that defendants' motion to dismiss plaintiff's first amended petition/complaint [Doc. #17] is denied without prejudice to its consideration by the state court after remand.

Dated this \_\_\_\_16th\_\_\_\_ day of May, 2007.

                                        /s/Donald J. Stohr
                                        UNITED STATES DISTRICT JUDGE